```
 1  UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
 2  -------------------------------X
    UNITED STATES OF AMERICA            18 CR 419(BMC)(CLP)
 3
    versus
 4
    QI FENG LIANG,                      U. S. Courthouse
 5                                      Brooklyn, New York
                  DEFENDANT.            October 19, 2020
 6  -------------------------------X    1:30 PM

 7          TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
                BEFORE THE HONORABLE CHERYL POLLAK
 8                UNITED STATES MAGISTRATE JUDGE

 9                       APPEARANCES

10
    Representing the Government:
11  SETH DUCHARME
    UNITED STATES ATTORNEY
12  EASTERN DISTRICT OF NEW YORK
    271 CADMAN PLAZA EAST
13  BROOKLYN, NEW YORK 11201
    BY:  WILLIAM CAMPOS, ESQ.
14
    Representing the Defendant:
15  JOEL COHEN, ESQ.
    35 Worth Street, 3rd Floor
16  New York, New York 10013

17

18  ALSO PRESENT:  NANCY WU, CERTIFIED CANTONESE INTERPRETER

19

20

21

22  Reported by:
    LISA SCHMID, CCR, RDR
23  OFFICIAL COURT REPORTER
    225 Cadman Plaza East, Room N377
24  Brooklyn, New York 11201
    Proceedings recorded by mechanical stenography. Transcript
25  produced by Computer-Aided Transcription.
```

1          THE CLERK:  All rise.  This is the matter of USA

2     versus Qi Feng Liang, Case Number 18 419, Criminal Cause for

3     Pleading.

4          Counsel, please state your appearances for the

5     record.

6          MR. CAMPOS:  William Campos for the United States.

7     Good afternoon, Your Honor.

8          THE COURT:  Good afternoon.

9          MR. COHEN:  On behalf of Qi Feng Liang, Joel Cohen.

10    Good afternoon, Judge Pollak.

11         THE COURT:  All right.  Good afternoon.  You may be

12    seated.

13         I think we have an interpreter with us this

14    afternoon.

15         THE INTERPRETER:  Yes, Your Honor.

16         (Interpreter sworn.)

17         THE INTERPRETER:  I was just informed that Mr. Liang

18    will be able to listen and speak in English, but I will stand

19    by in the event that he needs my help.

20         THE COURT:  Okay.

21         THE INTERPRETER:  Thank you.

22         THE COURT:  Thank you.

23         So before we begin, I was kind of hoping we could

24    start this proceeding early, which is why I was told to be

25    here at 1:30 because in about five minutes, we are going to be

1    interrupted by a fire drill.  And so I was kind of hope we

2    would be done by now, but obviously, we aren't.

3              So the fire marshal has informed me that we do not

4    have to evacuate the building.  We can remain sheltered in

5    place, but there will be alarms going off.  So not to be

6    concerned about the alarms.  It's not a real fire.  It's a

7    drill.  So we'll do what we can until it starts.

8              So Mr. Liang, I understand -- you can stay seated,

9    sir -- I understand that you do understand English?

10             THE DEFENDANT:  Yes, I do.

11             THE COURT:  Okay.  If at any point during these

12   proceeding something is said that you don't understand or that

13   you would like to have translated for you, just let me know.

14   Okay?

15             THE DEFENDANT:  Thank you, Your Honor.

16             THE COURT:  Okay.  All right.  The first issue I

17   want to deal with is your consent to have me hear your plea.

18   You understand that this is Judge Cogan's case, and he is the

19   United States District Judge who will sentence you, and who

20   will make the ultimate decision as to whether or not to accept

21   your plea of guilty.  If you wish, you have the absolute right

22   to have Judge Cogan hear your plea, and if you choose to do

23   that, they'll be no prejudice to you.

24             On the other hand, if you wish, I will hear your

25   plea this afternoon, and a transcript of these proceedings

1   will be made by the court reporter here, and that transcript

2   will be given to Judge Cogan to review at the time of your

3   sentence, and when he makes his decision as to whether or not

4   to accept your plea of guilty.

5              Do you wish to give up your right to have Judge

6   Cogan hear your plea and proceed instead before me this

7   afternoon?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you make this decision voluntarily

10  and of your own free will?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Has anyone made any threats or promises

13  to get you to agree to have me hear your plea?

14             THE DEFENDANT:  No.

15             (Fire alarm sounded.)

16             (Pause in proceedings.)

17             THE COURT:  Okay.  Mr. Liang, is this the consent

18  form that I believe you may have signed earlier?

19             (Fire alarm sounds.)

20             THE COURT:  So let me try again.

21             Mr. Liang, is this the consent form that I believe

22  you signed earlier?  Do you recognize it?  Can you see it from

23  there?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Okay.  And did you discuss your

1   consenting to me taking your plea today with your attorney?

2           THE DEFENDANT:  Yes, I did.

3           THE COURT:  Okay.  Counsel, do you have any concern

4   about whether or not Mr. Liang understands the consent form?

5           MR. COHEN:  None at all, Your Honor.

6           THE COURT:  Okay.  And you signed it as well,

7   correct?

8           MR. COHEN:  Yes.

9           THE COURT:  Okay.  As did Mr. Campos, the Assistant

10  U. S. Attorney?

11          MR. CAMPOS:  Yes, Your Honor.

12          THE COURT:  Okay.  All right.

13          So Mr. Liang, before I can hear your plea, there are

14  a number of questions that I must ask you to ensure that it is

15  a valid plea.  Again, if you don't understand any of my

16  questions, just tell me.  Okay?

17          THE DEFENDANT:  Okay.

18          THE COURT:  All right.  Will you raise your right

19  hand, please?

20          (Defendant sworn.)

21          THE DEFENDANT:  Yes, everything will be the truth.

22          THE COURT:  Okay.  Thank you.  You can put your hand

23  down.

24          Do you understand that having been sworn, your

25  answers to my questions will be subject to the penalties of

1 perjury or making a false statement if you don't answer them

2 truthfully.  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Okay.  What is your full name, sir?

5          THE DEFENDANT:  My full name is Qi Feng Liang.

6          THE COURT:  And how old are you?

7          THE DEFENDANT:  I'm 36 years old.

8          THE COURT:  All right.  What education have you had?

9          THE DEFENDANT:  High school.

10          THE COURT:  Completed high school?

11          THE DEFENDANT:  Not completed.  I start one year and

12 then my parents send me to U. S.

13          THE COURT:  Okay.  And have you had any problems

14 communicating with Mr. Cohen, your attorney?

15          THE DEFENDANT:  No.

16          THE COURT:  Counsel, have you had any problems

17 communicating with your client?

18          MR. COHEN:  No, Your Honor.

19          THE COURT:  Okay.

20          Mr. Liang, are you presently or have you recently

21 been under the care of either a physician or a psychiatrist?

22          THE DEFENDANT:  Personally, no.

23          THE COURT:  Okay.  In the last 24 hours, have you

24 taken any narcotic drugs?

25          THE DEFENDANT:  No.

1          THE COURT:  Any medicine or pills of any kind in the

2    last 24 hours?

3          THE DEFENDANT:  No.

4          THE COURT:  Had you had any alcohol to drink in the

5    last 24 hours?

6          THE DEFENDANT:  No.

7          THE COURT:  Have you ever been hospitalized or

8    treated for narcotics addiction?

9          THE DEFENDANT:  No.

10          THE COURT:  Have you ever been treated for any

11   mental or emotional problems?

12          THE DEFENDANT:  No.

13          THE COURT:  As you sit here before me today, is your

14   mind clear?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand what we're doing here

17   today?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Okay.  Now, have you received a copy of

20   the Superseding Information?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Okay.  The Superseding Information

23   charges you with in or about and between May 2014 and

24   February, 2017, both dates being approximate and inclusive,

25   within the Eastern District of New York and elsewhere, you,

1    together with others, for the purpose of evading the reporting

2    requirements of U. S. law and the regulations thereunder, did

3    knowingly and intentionally structure, assist in structuring,

4    and attempt to structure one or more transactions with one or

5    more domestic financial institutions by A, breaking down sums

6    of currency exceeding $10,000 into smaller sums, including

7    sums at or below $10,000 and depositing the smaller sums of

8    currency into accounts with one or more domestic financial

9    institutions; and two, by conducting a series of currency

10   transactions, including transactions at or below $10,000 at

11   one or more domestic financial institutions, in violation of

12   the United States law.

13           Do you understand, Mr. Liang, what you have been

14   charged with?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Are have you discussed it with

17   Mr. Cohen, your attorney?

18           THE DEFENDANT:  Yes, I did.

19           THE COURT:  Okay.  Now, this is a felony charge, and

20   because it is a felony charge, you have a constitutional right

21   to be charged by way of an indictment brought by the grand

22   jury.

23           The grand jury is a group of at least 16 and not

24   more than 23 people, at least 12 of whom must find based on

25   the Government's evidence, that there is probable cause to

1   believe that you committed the crime that the Government is

2   seeking to charge you with in this Information.  Do follow me

3   so far?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Okay.  Now, the only way that a felony

6   charge such as this one can be brought against you is by the

7   grand jury returning an indictment, as I've just stated, or if

8   you agree to give up your right to have the case presented to

9   the grand jury, then the Government can proceed against you on

10  this felony charge just as if the grand jury had heard the

11  evidence and voted to indict you.  Do you understand that?

12          THE DEFENDANT:  Your Honor, can I have Nancy

13  translate it for me?

14          THE COURT:  Sure.

15          (Interpreter translating for the defendant.)

16          THE DEFENDANT:  All right.

17          THE COURT:  Do you understand?

18          THE DEFENDANT:  Uh-hum (affirmative response).  Yes.

19  Thank you.

20          (Fire alarm sounds.)

21          (Pause in proceedings.)

22          THE COURT:  So just to summarize Mr. Liang, unless

23  you agree to waive your right to indictment, in other words,

24  do you give up the right to have the case presented to the

25  grand jury?  If you don't do that, the Government can't

1   proceed against you on this charge.

2          If you are willing to give up your right to have the

3   case indicted and proceed on this Information, then we will

4   proceed just as if the grand jury heard the evidence and voted

5   to indict you.

6          Are you willing to give up your right to have the

7   grand jury vote to indict you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Okay.  And proceed -- you're willing to

10  proceed on this Information today?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Okay.  And have you discussed the right

13  to waive to indictment -- excuse me.  Have you discussed your

14  right to been indicted by the grand jury with Mr. Cohen.

15         THE DEFENDANT:  Yes.

16         THE COURT:  Okay.  And you understand your right to

17  be indicted by the grand jury?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Okay.  Has anyone made any threats or

20  promises to induce you to waive indictment?

21         THE DEFENDANT:  No.

22         THE COURT:  Okay.  Counsel, do you see any reason

23  why the defendant should not waive indictment at this time?

24         MR. COHEN:  No, Your Honor.  In fact, it was an

25  underlying indictment in this case that charge separate

1    additional crimes, which I anticipate will be dismissed

2    following his sentencing in this case.

3            THE COURT:  Okay.  Thank you.

4            Mr. Liang, this is the Waiver of Indictment form.

5    Again, I don't know if you can see it. (Indicating.)

6            THE DEFENDANT:  Yeah.  I did sign it, yeah.

7            THE COURT:  Great.  That's your signature.  That's

8    what I wanted to know.

9            All right.  So the Waiver of Indictment form has

10   been signed by the defendant, by Mr. Cohen, and I'm endorsing

11   it as well, finding the defendant has been advised of his

12   right to be indicted by the grand jury, and has waived that

13   right here in open court today.

14           Okay.  All right.  Mr. Cohen, have you discussed the

15   matter of pleading guilty with your client?

16           MR. COHEN:  I have, Your Honor.

17           THE COURT:  Okay.  And does he understand the rights

18   that he will be waiving by pleading guilty?

19           MR. COHEN:  Yes, he does.

20           THE COURT:  In your view, is he capable of

21   understanding the nature of these proceedings?

22           MR. COHEN:  Yes.

23           THE COURT:  Do you have any doubt as to his

24   competence to plead at this time?

25           MR. COHEN:  None at all.

```
 1                THE COURT:  Have you advised him of the maximum

 2       sentence and fine that can be imposed as a result of his plea

 3       here?

 4                MR. COHEN:  Yes.

 5                THE COURT:  Have you discussed with him the

 6       operation of the Sentencing Guidelines in this case?

 7                MR. COHEN:  I have.

 8                THE COURT:  Now, it's my understanding, Mr. Cohen,

 9       you are retained in this matter, correct?

10                MR. COHEN:  Yes.

11                THE COURT:  Okay.

12                So Mr. Liang, I want to make sure you understand

13       that you have the right to be represented by an attorney in

14       connection with this charge, and I understand you have

15       retained Mr. Cohen.  But if for some reason you could not

16       afford to pay for counsel, the Court would appoint an attorney

17       to represent you because you do have the right to have an

18       attorney going forward.  Do you understand that?

19                THE DEFENDANT:  Yes.

20                THE COURT:  Okay.  And have you had enough time to

21       discuss your case with Mr. Cohen?

22                THE DEFENDANT:  Yes.

23                THE COURT:  Okay.  Now, are you satisfied to have

24       him represent you?

25                THE DEFENDANT:  Yes.
```

```
 1                THE COURT:  All right.  I want to make sure you

 2    understand the rights that you will be giving up if you decide

 3    to plead guilty to this charge.

 4                If you were to persist in pleading not guilty, under

 5    the Constitution and laws of the United States, you would be

 6    entitled to a speedy and public trial by jury with the

 7    assistance of counsel on the charge contained in the

 8    Superseding Information.  Do you understand that?

 9                THE DEFENDANT:  Yes.

10                THE COURT:  At that trial, you would be presumed

11    innocent, and the Government would have to overcome that

12    presumption and prove you guilty by competent evidence and

13    beyond a reasonable doubt.  You would not have to prove that

14    you were innocent.  If the Government were to fail, the jury

15    would have the duty to find you not guilty.  Do you understand

16    that?

17                THE DEFENDANT:  Yes.

18                THE COURT:  In the course of a trial, the witnesses

19    for the Government would have to come to court.  They would

20    have to testify in your presence.  Your attorney would have

21    the right to cross-examine those witnesses for the Government,

22    to object to any evidence offered by the Government, and to

23    subpoena witnesses and offer testimony and evidence on your

24    behalf.  Do you understand that?

25                THE DEFENDANT:  Yes.
```

1              THE COURT:  At the trial, while would you have the

2      right to testify if you chose to do so, you could not be

3      forced to testify.  Under the Constitution of the United

4      States, a defendant in a criminal case cannot be forced to

5      take the witness stand and say anything that could be used to

6      show that he is guilty of the crime with which he's been

7      charged.

8              If you were decide not to testify, the Court would

9      instruct the jury that they could not hold that decision

10     against you.  Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  If you plead guilty, on the other hand,

13     I'm going to have to ask you certain questions about what it

14     is that you did in order to satisfy myself that you are, in

15     fact, guilty of the charge to which you seek to plead guilty,

16     and you are going to have to answer my questions and

17     acknowledge your guilt.  Thus, you will be giving up that

18     right that I just described, that is, the right not to say

19     anything that could be used to show that you are guilty of the

20     crime with which you have been charged.  Do you understand

21     that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  If you plead guilty and I recommend to

24     Judge Cogan that he accept your plea, you will be giving up

25     your constitutional right to a trial and all of the other

1    rights that I have just described.  They'll be no further

2    trial of any kind.  Judge Cogan will be simply enter a

3    judgment of guilty based upon your guilty plea.  Do you

4    understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Okay.  Are you willing to give up your

7    right to a trial and the other rights that I have just

8    described?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Oh.  Now, I understand there is a

11   written plea agreement in this case.  It's been marked as

12   Government Exhibit 1 for purposes of these proceedings.

13             Mr. Liang, again, I don't know if you can see this,

14   but have you seen this plea agreement before?

15             THE DEFENDANT:  Yes, I know what that is.

16             THE COURT:  Okay.  Did you have an opportunity to

17   read it?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Okay.  And did you discuss it with

20   Mr. Cohen?

21             THE DEFENDANT:  Yes, I did.

22             THE COURT:  Okay.  And do you -- do you understand

23   what it says?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Okay.  And you definitely can't see

```
 1    this, but do you remember signing it on the last page?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  Okay.  All right.  Does this agreement

 4    fully and accurately reflect your understanding of the

 5    agreement that you have with the Government?

 6              THE DEFENDANT:  I'm sorry, Your Honor.

 7              (Interpreter translating for defendant.)

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  All right.  Other than the promises in

10    the agreement, has anyone made any other promise that has

11    caused you to plead guilty here?

12              THE DEFENDANT:  No.

13              THE COURT:  Has anyone made any promise to you as to

14    what your sentence will be?

15              THE DEFENDANT:  No.

16              THE COURT:  All right.  I want to briefly discuss

17    with you the sentencing scheme that applies in here.

18              The statute that you are accused of violating

19    carries a maximum term of imprisonment of five years.  Do you

20    understand that?

21              THE DEFENDANT:  Yes.

22              THE COURT:  Okay.  Now, there are, in fact, what are

23    called Sentencing Guidelines, and those Guidelines are merely

24    that, a guide to help the Court determine where between zero

25    and five years your sentence should fall.  The Guidelines are
```

1    not mandatory, but the Court is required to consider the

2    Guidelines along with all other relevant factors in

3    determining what an appropriate sentence for you should be.

4    Do you understand that?

5                THE DEFENDANT:  Yes.

6                THE COURT:  Okay.  The important thing you must

7    understand is that until the time of sentencing, when Judge

8    Cogan is going to get what is called a Pre-sentence Report,

9    which will be prepared by the Probation Department following

10   your plea today here, and the judge has an opportunity to hear

11   from you and hear from Mr. Cohen, and to hear from the

12   Government's attorney, until that time, no one can promise you

13   exactly what your sentence will be --

14               THE DEFENDANT:  Yeah.

15               THE COURT:  -- not Mr. Cohen, not the Government's

16   attorney, not even Judge Cogan until then.  Do you understand

17   that?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Okay.  Nevertheless, I'm going to ask

20   the Government just to put on record what your estimate of the

21   Guideline range would be, based on what we know today.

22               MR. CAMPOS:  Your Honor, the Government estimates

23   the defendant's Guideline range as follows for this charge:

24   The Government estimates that the base offense level is a

25   Level 6, given that the loss amount is estimated to be more

1    than $95,000, that increases the level by eight levels for a

2    total of 14 levels under the Guidelines.

3              With acceptance of responsibility points, two levels

4    are withdrawn from that.  So the Government estimates that

5    he's at a Level 12, and given that the defendant is at

6    Criminal History Category I, the Guideline estimate range of

7    imprisonment is ten to 16 months.

8              THE COURT:  Okay.  And I see in the plea agreement

9    that the defendant has agreed or stipulated to that Guideline

10   calculation.

11             MR. COHEN:  Yes.

12             THE DEFENDANT:  (Nods head affirmatively.)

13             THE COURT:  Okay.  You understand that's the

14   Guidelines calculation that you agreed to, but the Probation

15   Department or the Court may decide that a different Guideline

16   level applies.  Do you understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  If that happens, you understand you will

19   not be allowed to withdraw your guilty plea?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Okay.  All right.  You also understand

22   that as a result of your plea, you face the possibility of

23   deportation if you are not a citizen of the United States.  Do

24   you understand that?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Okay.  And you are willing today to go

2     forward with the guilty plea, understanding that you might be

3     subject to removal or deportation if you are not a citizen?

4     Do you wish to go forward?

5          THE DEFENDANT:  Yes.

6          THE COURT:  All right.  Now, if you are not

7     immediately deported after you complete any sentence of

8     imprisonment you're directed to serve, you face a term of

9     supervised release.  Do you know what supervised release is?

10          THE DEFENDANT:  Supervised release is like -- it's

11     the same condition that I am bail out right now?

12          THE COURT:  It's similar.  It's similar.

13          THE DEFENDANT:  (Nods head affirmatively.)

14          THE COURT:  You'll be released from jail, but

15     they'll be certain conditions on your freedom --

16          THE DEFENDANT:  Uh-hum (affirmative response).

17          THE COURT:  -- such as reporting to a probation

18     officer on a periodic basis.  That's a common one.  Do you

19     understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Okay.  The important thing here is that

22     you face a maximum term of supervised release of three years,

23     and if you violate any of the conditions of supervised

24     release, you can be sentenced up to two years in prison

25     without getting any credit for the time that you previously

```
 1    served in prison, and without getting any credit for the time
 2    that you've served successfully on supervised release up until
 3    the date that you committed the violation.  Do you understand
 4    that?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  You also face the potential fine.  The
 7    maximum fine that can be imposed as a result of your plea here
 8    is no more than $250,000.  Do you understand that?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  Okay.  But you will be required to pay
11    restitution in the amount of each victim's losses, and in the
12    plea agreement, you have also consented to the entry of a
13    Forfeiture Money Judgment in the amount of $95,000, which is
14    to be paid in full no later than seven days before sentencing.
15    Do you understand that?  You agreed to that?
16              THE DEFENDANT:  Yes.
17              THE COURT:  Okay.  And as part of that agreement,
18    you've agreed that if you fail to pay any portion of that
19    amount, you've consented to the Government forfeiting any
20    other property that you might have up until that amount.  Do
21    you understand that?
22              THE DEFENDANT:  Yes.
23              THE COURT:  Okay.  You've also agreed to help the
24    Government in effectuating the payment of the money judgment?
25              THE DEFENDANT:  Uh-hum (affirmative response).
```

1          THE COURT:  And you have agreed that you will

2    disclose all of your assets to the Government on a financial

3    statement that you will be required to provide.  Do you

4    understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Okay.  Finally, you have given up any

7    rights that you might have to notice regarding the forfeiture,

8    and any right that you might have to a jury trial on the

9    question of a forfeiture.  Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Okay.  In addition to forfeiting that

12    $95,000 and paying restitution, you also must pay a $100

13    special assessment.  Do you understand that as well?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Now, you can appeal your conviction if

16    you believe that your guilty plea here was somehow unlawful or

17    involuntary or there was some other fundamental defect in

18    these proceedings that was not waived by your plea.

19          You also have a statutory right to appeal your

20    sentence under certain circumstances if you believe that your

21    sentence is contrary to law; however, in the plea agreement,

22    you've agreed that you will not file an appeal or otherwise

23    challenge your conviction or your sentence, so long as the

24    judge imposes a term of imprisonment of 16 months or less.  Do

25    you understand you have agreed to that?

```
 1                THE DEFENDANT:  Yes.

 2                THE COURT:  Okay.

 3                Counsel, is there anything in the plea agreement

 4    that I've missed or that I should review with the defendant?

 5                MR. CAMPOS:  I don't think you've missed anything,

 6    Judge.

 7                THE COURT:  Okay.

 8                Mr. Cohen, anything I've missed?

 9                MR. COHEN:  I don't think you've missed anything,

10    Your Honor.

11                THE COURT:  Okay.  Thank you.

12                All right.  Mr. Liang, do you have any questions

13    that you would like to ask me about the charge or your rights

14    or the plea agreement or anything else before we proceed?

15                THE DEFENDANT:  Only one question.  Currently, I am

16    on the bail conditions.

17                MR. COHEN:  You're talking about Pennsylvania?

18                (Defendant confers with Mr. Cohen.)

19                THE DEFENDANT:  You just said that -- to provide all

20    the financial -- I already provide everything to Pretrial

21    Office.  And besides that, anything else I need to provide?

22                THE COURT:  Well, you should speak to Mr. Cohen

23    about this.

24                THE DEFENDANT:  Okay.

25                THE COURT:  He will make sure that you understand
```

1    everything that you must do.

2           What I was talking about is a document called a

3    financial statement, which the Government will ask you to fill

4    out.  You may have already done it.  I don't know.

5           THE DEFENDANT:  Okay.

6           THE COURT:  But it is part of the plea agreement.

7    You have agreed to do it as part of the forfeiture provisions.

8    Do you understand that?

9           THE DEFENDANT:  Yes.  Okay.

10          THE COURT:  Do you want to ask Mr. Cohen any

11   questions at this point?

12          THE DEFENDANT:  No.  Only one.  Thanks.

13          THE COURT:  All right.  Other than that, are you

14   ready to plead?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Okay.  Counsel, do you know of any

17   reason why the defendant should not plead guilty?

18          MR. COHEN:  No, Your Honor.

19          THE COURT:  Are you aware of any viable legal

20   defense to the charge?

21          MR. COHEN:  No.

22          THE COURT:  Okay.  Qi Feng Liang, what is your plea

23   to the charge contained in Superseding Information 18-419 S-1,

24   guilty or not guilty?

25          THE DEFENDANT:  Guilty.

```
 1              THE COURT:  Are you making this plea of guilty

 2   voluntarily and of your own free will?

 3              THE DEFENDANT:  Yes.

 4              THE COURT:  Has anyone threatened or forced you to

 5   plead guilty?

 6              THE DEFENDANT:  No.

 7              THE COURT:  Has anyone made any promise to you as to

 8   what your sentence will be?

 9              THE DEFENDANT:  No.

10              THE COURT:  Okay.  I read the charge to you a few

11   minutes ago.  I want you to tell me in your own words what it

12   is that you did between May 2014 and February 2017, in

13   connection with the structuring of these various financial

14   transactions.  What did you do?

15              THE DEFENDANT:  In between May 2014 and

16   February 2017, I received payments in cash for performing my

17   certain service --

18              (Court reporter seeks clarification.)

19              THE COURT:  For performing what?

20              THE DEFENDANT:  Certain services.

21              MR. COHEN:  Certain services.

22              THE COURT:  Certain services?  Okay. Thank you.

23              THE DEFENDANT:  On numerous occasions, I broke those

24   transactions into smallest amounts and deposit them into bank

25   in Brooklyn, New York, for the purpose of evading the
```

1   requirement that I report any financial transactions more than

2   $10,000.  At the time, I knew this conduct was wrong.

3               THE COURT:  Okay.  And so anytime you had $10,000 or

4   more, you broke it into smaller pieces so you would not have

5   to report it.  Is that basically what you're saying?

6               THE DEFENDANT:  Yes.

7               THE COURT:  Okay.  And you knew that that was in

8   violation of the law?

9               THE DEFENDANT:  Yes.

10              THE COURT:  Okay.

11              Anything else I need to inquire of the defendant?

12              MR. CAMPOS:  No, Your Honor.

13              THE COURT:  Anything else, Mr. Cohen?

14              MR. COHEN:  No, ma'am.  No, Your Honor.

15              THE COURT:  Based on the information given to me, I

16  find that the defendant is acting voluntarily, fully

17  understands his rights and the consequences of his plea, and

18  that there is a factual basis for the plea.  I will,

19  therefore, recommend to Judge Cogan that he accept your plea

20  to the charge in the Superseding Information.

21              What is going to happen now, Mr. Liang, is you are

22  going to meet with someone from the Probation Department to

23  prepare the Pre-sentence Report that we talked about a little

24  bit earlier.  I urge you to cooperate with them, obviously

25  with Mr. Cohen's advice.

```
 1              And right now, we have a sentencing date set for
 2   February 11, at 10:00 a.m.
 3              THE DEFENDANT:  Thank you, Your Honor.
 4              THE COURT:  Okay.  Anything else today, gentlemen?
 5              MR. CAMPOS:  Not from the Government, Your Honor.
 6              THE COURT:  Mr. Cohen, anything else?
 7              MR. COHEN:  No, Your Honor.  Thank you.
 8              THE COURT:  All right.  All right.  Thank you,
 9   everyone.  Stay safe.
10              MR. COHEN:  Oh, Your Honor, one more thing.  I'm
11   sorry.  Right now, Mr. Liang's bail conditions restrict his
12   travel I believe to New York and --
13              THE DEFENDANT:  New York, Connecticut and --
14              MR. COHEN:  And New Jersey.
15              I would request that it be amended to include the
16   state of Pennsylvania.  The Government and  Pretrial have
17   consented to this, and I believe Mr. Campos vetted the company
18   he would be seeking to meet with and upon having done so,
19   consented.
20              THE COURT:  Is this a one-time travel or is this
21   back and forth?
22              MR. COHEN:  It will be probably be back and forth.
23              THE COURT:  Okay.  Just --
24              Okay.  Mr. Campos?
25              MR. CAMPOS:  Your Honor, I know of the request.
```

```
 1   Counsel has articulated our interactions about that
 2   accurately.
 3           I thought what was going to happen is that there was
 4   going to be written request to the Court to modify the bail
 5   conditions, so that it would be an entry on the docket of
 6   that.
 7           MR. COHEN:  I actually have a letter in my computer
 8   that I wrote on October 6th, and evidently failed to file on
 9   ECF.
10           THE COURT:  So why don't you do this.  Why don't
11   you, when you get back to wherever you're going, you know,
12   file it, and I'll approve it.
13           MR. COHEN:  Okay.  Thank you.  I'll file it right
14   now, Judge.
15           THE COURT:  Okay.  Great.
16           MR. COHEN:  Thank you.
17           MR. CAMPOS:  Thank you, Your Honor.
18           THE COURT:  All right.
19           THE DEFENDANT:  Thank you very much, Your Honor.
20           THE COURT:  Stay safe, please.
21           MR. COHEN:  You, too.
22           (Proceedings concluded.)
23
24
25
```