

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JN:WPC/JSY/RK  *271 Cadman Plaza East*
F.#2018R01099  *Brooklyn, New York 11201*

May 21, 2021

**By ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Qi Feng Liang
               Criminal Docket No. 18-419 (S1) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in advance of sentencing with respect to defendant Qi Feng Liang in the above-referenced case, which is scheduled for an in-person hearing on May 26, 2021, at 2:00 p.m.  For the reasons set forth below, the government respectfully requests that the Court impose an incarceratory sentence below the applicable United States Guidelines ("Guidelines") range of 10 to 16 months' imprisonment.

I.      Procedural Background

      On August 16, 2018, the defendant was arraigned on an Indictment charging conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Count One), conspiracy to smuggle goods into the United States, in violation of 18 U.S.C. § 371 (Count Two), and smuggling, in violation of 18 U.S.C. § 545 (Count Four).  The defendant was charged at the same time as 21 other defendants in this and related cases.

      On October 19, 2020, the defendant pleaded guilty before Chief Magistrate Judge Cheryl L. Pollak to a single-count Superseding Information charging structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1), pursuant to a plea agreement (the "Plea Agreement").  The defendant also agreed to pay forfeiture in the amount of $95,000.  See Presentence Investigation Report ("PSR") ¶ 1 and 78.  By docket order dated April 1, 2021,

the Court accepted the defendant's guilty plea to Count One of the Superseding Information after reviewing the plea transcript.

The defendant is the second of five defendants in this specific case, and the ninth in the group of related cases, to be sentenced.

II.     The Offense Conduct

From April 2011 through December 2016, the conspirators participated in an international scheme to traffic fake luxury goods—such as handbags, belts, and perfume bearing counterfeit trademarks of companies such as Louis Vuitton and Gucci—for financial gain.  See PSR ¶¶ 10–16.

Certain conspirators ("Container Importers") arranged for the importation of counterfeit goods from China, inside of 40-foot shipping containers transported by sea-going vessels into the Port of New York and New Jersey ("the Port") using fraudulent paperwork submitted to U.S. Customs and Border Protection.  See PSR ¶ 12.  The Container Importers assumed the identities of legitimate importation companies, and then used information for those companies on the fraudulent paperwork.  Id.

The Container Importers also lied to unwitting customs brokers to facilitate the importation of the shipping containers filled with counterfeit goods into the United States.  PSR ¶¶ 12–13.  Once released from the Port, the shipping containers were trucked to various self-storage facilities in Brooklyn, Queens, and Long Island, New York, where boxes filled with the goods were unloaded from the containers and stored.  PSR ¶ 14.  Other conspirators managed the receipt, storage and further distribution of the counterfeit goods ("Wholesale Distributors").  Id.  Wholesale Distributors sold the counterfeit goods to other distributors in New York and elsewhere around the country.  Id.

Defendant Liang was involved in various businesses, including a construction business in New York State.  PSR ¶ 19.  Liang's brother-in-law, co-defendant Zhi Ming Zhang, operated a trucking business and was involved in the above-described scheme of importing counterfeit goods.  When Zhang was in immigration custody, he asked Liang to help with Zhang's trucking business, which Liang agreed to do for a few months.  Liang received payments for assisting Zhang primarily in the form of cash and money orders.  Id.  On many occasions, in order to evade currency reporting requirements, Liang broke down his earnings exceeding $10,000 into smaller sums, and deposited these smaller sums into financial accounts in the Eastern District of New York.  See Id.

III.     Defendant's Guideline Range

The government agrees with the Guidelines range in the PSR as to Count One, which is the same as the Guidelines estimate in the Plea Agreement.  The applicable Guidelines range is as follows:

| U.S.S.G. Description | U.S.S.G. Section | Levels |
|---|---|---|
| Base Offense Level | 2S1.3(a)(2) | 6 |
| Loss Amount More Than $95,000 | 2B1.1(b)(1)(E) | +8 |
| Acceptance of Responsibility | 3E1.1(a) | -2 |
| Total Offense Level | | 12 |

In the Plea Agreement, the defendant stipulated to the above Guidelines calculation.  In Section 5.b. of the Plea Agreement, the parties also agreed that the government would "take no position concerning where within the Guidelines range determined by the Court the sentence should fall".

IV.     A Sentence Within the Guideline Range is Appropriate

a. Legal Standard

In United States v. Booker, the Supreme Court held that the Guidelines are advisory and not mandatory, and the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining sentences, but also may tailor the sentence in light of other statutory concerns.  125 S. Ct. 738, 743 (2005); see 18 U.S.C. § 3553(a). Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)."  United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).  Although the Court declined to determine what weight a sentencing judge should normally give to the Guidelines in fashioning a reasonable sentence, the Court cautioned that judges should not "return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum."  Id. at 113.

Later, in Gall v. United States, the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court

3

should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." 552 U.S. 38, 49 (2007) (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, the court may not presume that the Guidelines range is reasonable.  The court must make an individualized assessment based on the facts presented." Id. at 49–50 (citation and footnote omitted).

### b.  Application of 18 U.S.C. § 3553(a) Factors

In this case, a particularized consideration of the factors set forth in Section 3553(a) demonstrates that a sentence below the agreed upon Guideline range is appropriate for this defendant.

The conspirators in these cases committed their crimes with a blatant disregard for intellectual property laws.  They imported many thousands of knock-off handbags, accessories, and bottles of perfume into the United States.  The conspirators collectively made millions of dollars from this business.

While engaged in this illegal enterprise, the conspirators went to great lengths to deceive customs authorities.  For example, they misused the identities of legitimate companies, in order to fraudulently import containers and lied to customs authorities about the contents of the containers, allowing thousands of pounds of contraband to flow into the United States without inspection.  They lied to customs brokers about their own true identities, directing the shipments of counterfeit goods to public storage facilities, in order to evade law enforcement detection.

This defendant was a small cog in the illegal enterprise.  While the government charged the defendant with transporting the illegal goods, he pled guilty to structuring financial transactions, which moneys were, in part, the proceeds of the illegal scheme.  The defendant was paid for his work in cash and money orders, which he comingled with proceeds from legitimate sources.  He purposely deposited that money into smaller sums into his bank accounts in order to defeat U.S. currency reporting requirements.

As mentioned above, the defendant is the second defendant to be sentenced in this specific case.  See 18-CR-419.  Co-defendant Xue Wei Qu—sentenced to a year and a day, as shown below—played a more important role in this scheme.  She was a Wholesale Distributor of a massive amount of counterfeit goods—goods that amounted to an MSRP value of over $45,000,000.  Her conduct led to the importation of thousands of knock-off handbags into the United States.  Ms. Qu made thousands of dollars from that business and lived well because of that.  Defendant Liang is similar to defendant Cheng Xu Yu (referenced in the below chart), whose role in the counterfeit goods scheme was limited

primarily to following his mother's instructions. Like Yu, this defendant helped a family member, in this case co-defendant Zhang, his brother-in-law, but did so for only a short time when Zhang was in immigration custody.

As mentioned, the defendant is the ninth defendant overall to be sentenced in these related cases. The following chart provides the prior sentences imposed by the Court. Each time-served sentence was for the period of time from the arrest of the defendant to the arraignment that same day when bail was set.

| Defendant and Case Number | Charge of Conviction | Guidelines Range | Primary Role | Sentence |
|---|---|---|---|---|
| Xue Wei Qu 18-CR-419 | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 30 to 37 months | Wholesale Distributor | 12 months' and one day incarceration |
| Yong Lin Dong 18-CR-396 | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | 12 months and one day in prison |
| Cai Ying Lin 18-CR-396 | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 10 to 16 months | Wholesale Distributor | 2 years' probation |
| Jin Hua Zhang 18-CR-396 | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served[1] |
| Jian Hua Zhu 18-CR-396 | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served[2] |
| Cheng Xu Yu 18-CR-396 | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served |

---

[1] The Court also ordered that this defendant cooperate with immigration authorities regarding his removal to China.

[2] The Court also ordered that this defendant voluntarily depart the United States for China, within the one year of her supervised release.

| Sheng Miao Xia 18-CR-408 (S-1) | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 30 to 37 months | Domestic Shipper | 12 months' and one day incarceration |
|---|---|---|---|---|
| Wei Mei Gao 18-CR-408 (S-1) | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 30 to 37 months | Domestic Shipper | 6 months' incarceration |

Accordingly, taking into consideration the Section 3553 factors, including the need to provide just punishment, promote respect for the law, and deter the defendant and others from future unlawful conduct, the government believes that an incarceratory sentence below the applicable Guidelines range of 10 to 16 months' imprisonment would be appropriate.

V. Forfeiture

The government requests that the Court impose forfeiture as part of this defendant's sentence. As discussed, in the Plea Agreement, the defendant agreed to a forfeiture money judgment in the amount of $95,000. On October 30, 2020, the Court entered the Order of Forfeiture pertaining to this defendant.

VI.    Conclusion

For the reasons set forth above, the government respectfully requests that the Court impose an incarceratory sentence below the agreed upon Guideline range as well as forfeiture in the amount of $95,000, as described above and in the PSR.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney
Eastern District of New York

By:    /s/ William P. Campos
William P. Campos
Temidayo Aganga-Williams
Assistant U.S. Attorneys
(718) 254-6104/ (718) 254-6183

Robert Kaftal
Special Assistant United States Attorney
(718) 254-6033

/s/ James Yoon
James S. Yoon
Assistant Deputy Chief for Litigation
Computer Crime and IP Section
United States Department of Justice
(202) 514-1115

cc:    Joel Cohen, Esq.
Counsel for Defendant Qi Feng Liang
(by ECF)
Jennifer Fisher
Senior U.S. Probation Officer
(by ECF)